IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HOWARD BANNISTER,            )<br>                                              )<br>            Plaintiff,                  )<br>                                              )<br>    v.                                      )<br>                                              )<br>OMAHA POLICE DEPT, POLICE )<br>CHIEF LNU, UNKNOWN OMAHA )<br>POLICE OFFICERS, and CITY OF )<br>OMAHA,                                )<br>                                              )<br>            Defendants.           ) | CASE NO. 8:09CV125<br><br><br><br>MEMORANDUM<br>AND ORDER |

This matter is before the court on its own motion. This court conducted an initial review of Plaintiff's Complaint on May 27, 2009. (Filing No. 9.) In that Memorandum and Order, the court determined that Plaintiff's claims against the Omaha Police Department and the City of Omaha failed to state a claim upon which relief may be granted. (*Id.*) Plaintiff was given until June 28, 2009, to file an amended complaint, in the absence of which this matter would only proceed as to Plaintiff's excessive force claim against Defendants Lnu and Unknown Police Officers. (*Id.* at CM/ECF p. 6.)

Plaintiff has not filed an amended complaint. Therefore, service of process may occur on Defendants Lnu and Unknown Police Officers as set forth in this Memorandum and Order and in the court's May 27, 2009 Memorandum and Order. Plaintiff's claims against Defendants Omaha Police Department and City of Omaha are dismissed.

IT IS THEREFORE ORDERED that:

1. Plaintiff's claims against Defendants Omaha Police Department and City of Omaha are dismissed. The Clerk of the court is directed to terminate those two parties as Defendants in this matter;

2. This matter will only proceed on Plaintiff's excessive force claim against Defendants Lnu and Unknown Police Officers;

3. To obtain service of process on Defendants, Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send TWO (2) summons forms and TWO (2) USM-285 forms to Plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur;

4. Upon receipt of the completed forms, the Clerk of the court will sign the summons forms, to be forwarded with a copy of the Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Complaint, and Plaintiff does not need to do so;

5. Fed. R. Civ. Pro. 4 requires service of a complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process;

6. Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint;

7. The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "**December 1, 2009:** Check for completion of service of summons;" and

8. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

DATED this 10th day of August, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge